## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO ENVIRONMENTAL LAW CENTER 722 Isleta Blvd SW Albuquerque, NM 87105 Plaintiff, v. NATIONAL NUCLEAR SECURITY ADMINISTRATION P.O. Box 5400 Albuquerque, NM 87185 Defendant. | CV-24-1185 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      Defendant the National Nuclear Security Administration ("NNSA") has violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") by unlawfully failing to timely issue determinations in response to a written request for records by Plaintiff, New Mexico Environmental Law Center ("NMELC") counsel for the Mountain View Coalition ("MVC"), by: 1) failing to issue timely estimated dates of completion for the requests; 2) failing to conduct an adequate search for responsive records; and 3) unlawfully withholding responsive records. This lawsuit requests an order declaring that Defendant has violated FOIA and enjoining Defendant to issue a final determination and provide Plaintiff with the records it has requested. *See* Ex. 1 ("FOIA Request); Ex. 2 ("Reformulated resubmission of FOIA Request").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4.      Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, as NMELC is based in New Mexico and Mountain View Coalition members live in New Mexico.

5.      This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court also has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations and agency policies that violate FOIA.

6.      This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.      In addition to jurisdiction to compel agency FOIA compliance and to compel release of agency records withheld due to FOIA violations, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct involving potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

8.      "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

9.      All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

**PARTIES**

10.      The New Mexico Environmental Law Center, founded in 1987, is a non-profit organization based in Albuquerque, New Mexico, which provides legal services to frontline communities within the State of New Mexico.  Plaintiff's mission is to work with New Mexico's communities to protect their air, land and water in their fight for environmental justice. In November 2022, Plaintiff represented a coalition of neighborhood groups, Mountain View Neighborhood Association, Mountain View Community Action and Friends of Valle de Oro, (collectively, the "Mountain View Coalition" or "MVC") to petition the Albuquerque-Bernalillo County Air Quality Control Board ("AQCB" or "Air Board") to adopt a proposed regulation - the Health, Environment and Equity Impacts rule ("HEEI Rule"). The HEEI Rule served to address the adverse cumulative impacts of air pollution on the City of Albuquerque and Bernalillo County's most overburdened communities.

11.      NMELC derives benefits from agencies' compliance with FOIA and from its receipt of public records. Plaintiff frequently submits public records requests to obtain federal agency records and information about federal agency actions to assist communities in protecting their air, land and water.  Agency records assist Plaintiff in ascertaining benefits and detriments

of federal agency decisions and policies while assessing potential disparities in treatment and the cumulative impacts of disparate treatment on communities.

12.    The Mountain View Coalition, represented by NMELC, petitioned the AQCB to adopt the HEEI Rule on November 21, 2022, pursuant to 20.11.82.18 NMAC ("Any person may file a petition with the board to adopt, amend or repeal any regulation within the jurisdiction of the board"). As mentioned, the proposed HEEI Rule sought to address the adverse cumulative impacts of air pollution on the City of Albuquerque and Bernalillo County's communities most overburdened with air pollution: typically, communities of color and low-income communities. The proposed rule would have required the City's Environmental Health Department ("EHD") to consider social determinants of health and quality of life impacts, consistent with EHD's obligations under the New Mexico Air Quality Control Act and the Clean Air Act, when issuing air pollution permits in already overburdened communities.

13.    The National Nuclear Security Administration ("NNSA"), a sub-agency of the Department of Energy ("DOE"), formally intervened in the local air quality rulemaking before the AQCB through its General Counsel Dori E. Richards, on May 18, 2023, in opposition to the proposed HEEI Rule.  NNSA, through Ms. Richards, coordinated with industry parties and EHD to systematically obstruct the AQCB from proceeding with the HEEI rulemaking, contrary to NNSA's obligation to uphold civil rights and environmental justice and to work cooperatively with local communities and tribes in carrying out its mission goals. Upon information and belief, NNSA intervention in most local air quality rulemakings is virtually non-existent, suggesting an underlying motive or agenda to negatively impact an already overburdened community.

14.     Over an eighteen-month period, NNSA filed or joined in eight motions attempting to stop the rulemaking, as well as motions to remove AQCB members and cease and desist letters attempting to terminate the HEEI rulemaking altogether.  These actions created chaos for the parties to the HEEI rulemaking hearing and the AQCB members working to fulfill their duties.

15.     On February 29, 2024, Plaintiff submitted a FOIA request to Defendant to assist in the preparation of a complaint to the United States Department of Energy Office of Inspector General ("OIG complaint"), seeking the email correspondence between the General Counsel for NNSA, Dori E. Richards, attorneys for EHD, and Peter Domenici, Jr., who served as counsel for multiple industry parties, to determine the degree and scope of the coordination among these parties to obstruct the air quality rulemaking. The OIG complaint targeted the waste and abuse of the NNSA for its obstructive and unwarranted intervention in the HEEI rulemaking.

16.     On March 5, 2024, NNSA acknowledged receipt of the February 29, 2004 FOIA and stated that it needed additional days to gather the documents. In the March 5 acknowledgement receipt, Defendant failed to issue a determination or state an estimated date of completion. None of the requested email correspondence documents have been produced as of the date of this filing.

17.     On July 8, 2024, Plaintiff submitted a reformulated FOIA request to Defendant in response to its email request of July 2, 2024, asking for clarification and narrowing of the scope of the original FOIA request. No records have been produced to date in response to the original FOIA or the second reformulated FOIA, nor has Defendant issued a determination on either request.

18.     Defendant has withheld responsive documents for months past the statutory deadlines for production of documents.

19.     Plaintiff has a particular interest in the email correspondence between NNSA counsel, EHD staff and Mr. Domenici, Jr., in order to determine the degree to which NNSA may have abused its authority and federal mandates by obstructing the HEEI rulemaking.

20.     Plaintiff has requested, and has definite plans to continue to request, information created or obtained by federal agencies when scrutinizing federal agency actions that impact and impede frontline communities seeking environmental justice.

21.     Plaintiff and its clients derive benefits from agencies' compliance with FOIA and from its receipt of public records.

22.     NNSA is a federal agency within the United States Department of Energy. Defendant is in possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA requests to it.

23.     The interests and organizational purposes of Plaintiff and its client, MVC, are directly and irreparably injured by Defendant's violations of law as described in this complaint.

24.     Defendant's violations of law have denied Plaintiff the information to which it is entitled, thereby preventing Plaintiff from fulfilling its organizational mission and objectives, including submission of facts relevant to the OIG complaint.

25.     Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY AND REGULATORY FRAMEWORK

26.     FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A).

27.     Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

28.     Failure to provide a timely determination in response to a FOIA request is a violation of FOIA. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

29.     FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

30.     FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications identified during the search that suggest other records might be located outside the scope of its original search. Federal courts measure FOIA compliance by the information known at the completion of the agency search(es). 5 U.S.C. §§ 552(a)(3)(B)-(C).

31.     In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, so long as the information fits within nine categories of exemptions. 5 U.S.C. § 552(b).

32.     Under FOIA, federal agencies bear the burden of proving that withholding information in responsive agency records is proper. 5 U.S.C. § 552(a)(4)(B).

33.     In 2016, Congress responded to concerns that agencies overuse these exemptions by imposing an additional, independent, and meaningful burden that now requires an agency showing foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

34.     FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

35.     Importantly, "If DOE responds that additional information is needed from the requestor to render records reasonably described, any reformulated request submitted by the requestor shall be treated as an initial request for purposes of calculating the time for DOE response." 10 CFR 1004.3(c)(2).

36.     When an agency fails to respond to a FOIA request within the statutory timeframe, it has constructively denied the request. Requestors are then deemed to have exhausted any administrative remedies and may seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

37.     Pursuant to FOIA, this Court may assess attorney fees and litigation costs against Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

38.     FOIA provides statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct and policies based on potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

39.    "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

40.    In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with the FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## STATEMENT OF FACTS

### *Request 2024 – 00167 - R Request for NNSA, EHD and Industry parties email correspondence*

41.    On February 29, 2024, Plaintiff submitted its written FOIA Request to the Defendant seeking:

1. All email correspondence between Attorney Dori E. Richards and Attorney Pete Domenici Jr. from October 1, 2022 until the present.

2. All email correspondence between Attorney Dori E. Richards and the City of Albuquerque Environmental Health Department (EHD), including all EHD staff with whom Ms. Richards communicated, from October 1, 2022 until the present.

3. All email correspondence between Dori E. Richards and City of Albuquerque attorneys and City attorney staff from October 1, 2022 until the present.

4. All email correspondence between Attorney Dori E. Richards and Albuquerque City Councilor Dan Lewis from October 1, 2022 until the present.

5. All email correspondence between Attorney Dori E. Richards and Sherman McCorkle from October 1, 2022 until the present.

Ex. 1 at 1.

42.    On March 5, 2024, Defendant confirmed receipt of the FOIA Request and assigned tracking number FOIA 24-00167 - R.  By letter, Defendant asserted "unusual

circumstances" and a need to search or collect records from facilities geographically separated from the office processing the request. Defendant failed to provide an estimated date of completion when requesting the additional ten days for "unusual circumstances".

43.    On April 24, 2024, Plaintiff inquired about the status of production of the requested documents via email to Defendant. Defendant did not respond.

44.    On April 30, 2024, Plaintiff sent a second email requesting Defendant produce the documents. Defendant replied indicating that FOIA Request 24-00167-R was request no. 1082 out of 1252 requests and an Estimated Time of Completion would be requested.

45.    On July 2, 2024, Defendant emailed Plaintiff a request entitled "Narrow the Scope Request" requesting additional information about the types of emails sought between Ms. Richards and EHD and requesting the names of the specific EHD staff for whom email correspondence with Ms. Richards is sought. Defendant's July 2nd email failed to issue a determination but listed an estimated time of completion of May 2025. The July 2, 2024 email demanded a response from NMELC by EOD July 8, 2024 (notably over a holiday weekend).

46.    On July 8, 2024, Plaintiff submitted its Reformulated Request in response to Defendant by email, providing the additional information and clarification as a "Reformulated Request" as defined under 10 CFR 1004.3 (c)(2), which states as follows:

**Reformulated request with additional information:**

1. All email and text correspondence between NNSA Attorney Dori E. Richards and Attorney Peter V. Domenici Jr. from October 1, 2022 until the present that was not disclosed during the pre-hearing confidential process for AQCB 2022-3.

2. All email correspondence between NNSA Attorney Dori E. Richards and the City of Albuquerque Environmental Health Department (EHD) and City of Albuquerque attorneys and attorney staff from October 1, 2022 until the present,

specifically including the correspondence between Dori E. Richards and the following individuals:

a. Kelsea Sona - email address: ksona@cabq.gov
b. Nathan Mulvihill - email address: nmulvihill@cabq.gov
c. Lauren Keefe - email address: lkeefe@cabq.gov
d. Kevin Morrow - email address: kmorrow@cabq.gov
e. Angel Martinez - email addresses: angelmartinez@cabq.gov and heavymetalchickenz@gmail.com
f. Chris Albrecht - email address: calbrecht@cabq.gov
g. Maria Gallegos - email address: mgallegos@cabq.gov
h. Morgan Smith - email address: morgansmith@cabq.gov

Ex. 2

47.     On July 8, 2024, Defendant acknowledged receipt of the reformulated FOIA request.  Again, Defendant failed to issue a determination whether it would produce the documents or were subject to exemptions.  In responding to the reformulated request, Defendant failed to provide information about appeal rights or mediation services. Defendant stated an estimated date of completion of May 2025.

48.     The statutory deadline for the first FOIA request passed on April 11, 2024 (twenty days for production and an additional ten days for the stated "unusual circumstances".) The statutory deadline for the reformulated request passed on August 5, 2024 as reformulated requests are given the same statutory deadlines as an initial request. 10 CFR 1004.4(c)(2).

49.     As of filing, Defendant has not produced any of the requested records, a period of over eight months from the first FOIA request and over four months for the reformulated FOIA request.

11

***NNSA's Unlawful and Deficient Responses***

50.     The statutory deadline for the NNSA to respond to FOIA Request 24-00167-R

passed on April 11, 2024, including the time allowed for unusual circumstances which NNSA

relied on in its original notice of receipt sent on March 5, 2024.

51.     The statutory deadline for responding to Plaintiff's Reformulated Request

submitted on July 8, 2024 passed on August 5, 2024.

52.     NNSA has no lawful basis under FOIA for its delay and has provided no lawful

basis to withhold the records Plaintiff requested.

53.     The records sought by NMELC are in the complete control of Defendant and only

require a search within the NNSA email account of its General Counsel Dori E. Richards for all

correspondence sent to a small group of specifically named individuals and the text

correspondence between Ms. Richards and Mr. Domenici, Jr.  The delay in production is an

unlawful withholding.

54.     Plaintiff's requested relief is required to compel Defendant to promptly provide

access to all records responsive to Plaintiff's FOIA requests 2024-00167-R that are not subject to

a FOIA exemption.

55.     Plaintiff has been required to expend costs to initiate legal action.

## FIRST CLAIM FOR RELIEF

***Violation of FOIA: Unlawfully Withholding Agency Records Responsive to FOIA Request***

56.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs

of this Complaint.

57.    Plaintiff properly requested records within the possession, custody, and control of Defendant.

58.    Defendant NNSA is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore, must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

59.    Defendant violated FOIA and unlawfully withheld agency records by failing to produce the requested agency records within the statutory period. 5 U.S.C. § 552 (a)(3)(A) and (a)(6)(A)(i).

60.    Defendant has not communicated to Plaintiff the scope of the documents they intend to produce or withhold in response to the FOIA Requests or their reasons for withholding any documents and has not disclosed to Plaintiff all records responsive to the FOIA Requests.

61.    Defendant continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

62.    Defendant violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendant has not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

63.    Defendant continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

64.     Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

65.     At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1.     Enter Findings and Declare that Defendants violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

2.     Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Request;

3.     Direct by injunction that Defendant provide Plaintiff with a lawful determination on its FOIA Request by a date certain;

4.     Direct by order that Defendant conduct a lawful search for responsive records;

5.     Direct by order the Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

6.     Direct by injunction that Defendants promptly provide all agency records responsive to Plaintiff's FOIA Request, and related written requests, that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

7.    Direct by order that Defendants provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974);

8.    Direct by order that Defendants provide Plaintiff with all responsive agency records in the form and format specific in the request, by a date certain within twenty working days of any such order;

9.    Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E);

10.    Enter a finding that Defendants' conduct involves circumstances that raise questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F)); and,

11.    Provide such other relief as the Court deems just and proper.


                    Respectfully submitted,


                    */s/ Maslyn Locke*
                    Eric Jantz
                    Maslyn Locke
                    New Mexico Environmental Law Center
                    P.O. Box 12931
                    Albuquerque, NM 87195
                    (505) 989-9022
                    ejantz@nmelc.org
                    mlocke@nmelc.org

                    *Counsel for New Mexico Environmental Law Center*