**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NEW MEXICO ENVIRONMENTAL
LAW CENTER,

Plaintiff,

v. No. 1:24-cv-01185-JHR-SCY

NATIONAL NUCLEAR SECURITY
ADMINISTRATION,

Defendant.

# ORDER

THIS MATTER comes before the Court on Defendant's Opposed Motion to Strike Plaintiff's Notice of Errata and for Extension of Reply Deadline. [Doc. 41]. Plaintiff filed a Response [Doc. 42], and Defendant filed a Reply [Doc. 45]. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken in part and will therefore be DENIED IN PART. Although the Court declines to strike Plaintiff's Notice of Errata [Doc. 40], it will grant Defendant additional time to file a reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

## I. Procedural Background

The following table summarizes the relevant summary judgment filings and subsequent Notice of Errata:

<table>
<tr><td>[37]</td><td>Plaintiff's Cross Motion for Summary Judgment</td><td>Defendant's Motion for Summary Judgment</td><td>[36]</td></tr>
<tr><td>[38]</td><td>Defendant's Response</td><td>Plaintiff's Response</td><td>[39]</td></tr>
<tr><td colspan="4">Plaintiff's Notice of ERRATA [40]: Correcting [37] and [39]<br>[37] will now be [40-1]<br>[39] will now be [40-2]</td></tr>
<tr><td>[43]</td><td>Plaintiff's Reply</td><td>Defendant's Reply</td><td>[Not Filed]</td></tr>
</table>

On March 2, 2026, Defendant filed its Motion for Summary Judgment [Doc. 36], and Plaintiff filed its Cross-Motion for Summary Judgment [Doc. 37]. On the applicable response deadline, Defendant filed its response to Plaintiff's Cross-Motion [Doc. 38], and Plaintiff filed its response to Defendant's Motion [Doc. 39].

After the response deadline but before the reply deadline, Plaintiff filed a Notice of Errata [Doc. 40], correcting formatting errors in its Cross-Motion for Summary Judgment [Doc. 37] and its Response to Defendant's Motion for Summary Judgment [Doc. 39] to ensure compliance with the applicable local rules. Specifically, Plaintiff corrected pages 1–3 of its Cross-Motion to provide double spacing rather than single spacing and corrected pages 2–5 of its Response to use lettered paragraphs rather than numbered paragraphs. [Doc. 40 at 1–2].

Because the formatting corrections to the first three pages of Plaintiff's Cross-Motion resulted in changes to the pagination, Plaintiff also provided a chart identifying the corresponding corrected page citations in Defendant's Response [*Id.*].

Defendant subsequently filed the present motion, seeking to strike Plaintiff's Notice of Errata. [Doc. 41]. Defendant argues that Plaintiff filed the Notice of Errata (1) without citing to legal authority permitting such a filing [Doc. 45 at 1–2], (2) without conferring with Defendant [Doc. 41 at 2], (3) without seeking leave of Court [Doc. 41 at 1–2], and (4) as though the Notice automatically replaced Docs. 37 and 39. [Doc. 41 at 1]. Defendant further contends that Plaintiff's inclusion of a chart identifying corrected page citations in Defendant's Response was improper and that the Notice of Errata created uncertainty regarding which documents constitute the operative pleadings. [Doc. 41 at 2]. Specifically, Defendant maintains that it cannot adequately prepare its reply until the Court determines whether it should cite to Plaintiff's original filings, Docs. 37 and 39, or the corrected versions attached to the Notice of Errata, Docs. 40-1 and 40-2.

[Doc. 45 at 3–4]. Accordingly, Defendant requests fourteen (14) days from the Court's ruling on its motion to file its reply after the Court clarifies which documents are operative. [Doc. 41 at 1].

Plaintiff argues that Defendant has not demonstrated any prejudice resulting from the Notice of Errata. [Doc. 42 at 5–6]. Plaintiff characterizes the corrections as minor clerical and formatting changes, rather than substantive amendments requiring a motion or leave of Court. [*Id.* at 3–4]. Because the Notice of Errata makes no substantive changes to the underlying pleadings, Plaintiff contends that there is no basis to strike the Notice or extend Defendant's reply deadline. [*Id.* at 4–5].

Plaintiff timely filed its reply to Defendant's response to Plaintiff's Cross-Motion for Summary Judgment [Doc. 43]. Defendant, however, has not filed a reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

## II. Analysis

The Court agrees with Plaintiff that a Notice of Errata is generally an appropriate means of correcting minor clerical or typographical errors in court filings. *See* [Doc. 42 at 3]. When a notice of errata filed in connection with summary judgment briefing merely corrects an inadvertent, non-substantive error, the notice generally goes uncontested, and the courts permit the correction and consider the notice as part of the record. *See Lilley v. CVS Health*, No. CV 17-515 KG/JHR, 2019 WL 1396415 (D.N.M. Mar. 27, 2019); *Gallegos v. Saul*, No. CV 19-397 SCY, 2019 WL 11589723 (D.N.M. Oct. 22, 2019); *Tulsa Athletics, LLC v. Nat'l Premier Soccer League, Inc.*, No. 24-CV-0194-CVE-SH, 2025 WL 2484026 (N.D. Okla. Aug. 28, 2025); *Mercer v. Peterson*, No. 09-CV-00654-WYD-KMT, 2011 WL 2581515 (D. Colo. Apr. 6, 2011), report and recommendation adopted, 2011 WL 2581512 (D. Colo. June 30, 2011).

Moreover, even when an opposing party moves to strike a notice of errata, courts have declined to do so where the corrections are non-substantive or the underlying error was inadvertent. *See Factory Mut. Ins. Co. v. Fed. Ins. Co.*, No. CV 17-760 GJF/LF, 2019 WL 5742167 (D.N.M. Nov. 5, 2019); *Christensen v. Park City Mun. Corp.*, No. 2:06-CV-202 TS, 2006 WL 8457692 (D. Utah Sept. 15, 2006).

Here, however, the Court recognizes the need to clarify the effect of Plaintiff's Notice of Errata. In particular, the Court must specify whether the corrected documents attached to the Notice entirely replace the original submissions or merely supplement them with limited corrections that could be referenced alongside the original filings.

The Court disagrees with Defendant's characterization of the Notice of Errata as an unauthorized surreply requiring leave of Court. *See* [Doc. 41 at 1]. The Notice does not introduce new arguments, alter the substance of Plaintiff's positions, or otherwise expand the scope of the summary judgment briefing. Rather, it corrects formatting deficiencies in the existing submissions. Accordingly, the Notice is not properly characterized as a surreply.

Nevertheless, even if the Notice were construed as a surreply, the Court would exercise its discretion to construe the filing as a request for leave and grant that request. *See Plunkett v. Department of Justice*, 249 F. Supp. 3d 73, 75 n.2 (D.D.C. 2017) ("The decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court, and in making its decision, the Court considers whether the surreply is helpful to the adjudication of the motion for summary judgment . . . .") (internal quotation marks omitted); *see also Pacifica Rosemont LLC v. Estate of Montoya by & through Ruyle*, No. 1:22-CV-00392-MLG-SCY, 2023 WL 5176125 (D.N.M. Aug. 11, 2023).

The more applicable analysis, however, is set forth in *Moeller v. Holland LP*, No. CV 21-963 GJF/SMV, 2022 WL 392461 (D.N.M. Feb. 9, 2022). There, the court acknowledged that neither party had briefed the applicable standard for resolving a motion to strike a notice of errata.[1] [*Id*. at *6]. The court independently determined that Federal Rule of Civil Procedure 6(b)(1)(B) governed the analysis. [*Id*.] Under that provision, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." [*Id*.]

In *Moeller*, the court found excusable neglect where a party inadvertently filed the wrong document and, four days after the deadline, attempted to replace it with the correct document through a notice of errata. [*Id*. at *6–*7]. The court also determined that the replacement did not prejudice the opposing party. [*Id*. at *7]. Accordingly, the court construed the notice of errata as a motion seeking permission to file additional briefing out of time and declined to strike it. [*Id*. at *6].

---

[1] Here, neither party identifies *Moeller* or clearly addresses the standard the Court should apply in evaluating Defendant's Motion to Strike. However, in an analogous case out of Kansas, *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-CV-02681-HLT, 2023 WL 12004664 (D. Kan. Feb. 2, 2023), the party moving to strike a notice of errata argued that "courts construe errata sheets filed after the deadline for an underlying brief as motions to file out of time," citing to the New Mexico case *Moeller* and proceeding under the framework established in that case. *See id.*, Doc. 622 at 7–9, Defendants' Motion to Strike Plaintiff's Errata to Their Brief in Support of Summary Judgment. After full briefing, the court denied the motion to strike in a footnote in its Memorandum and Order addressing the parties' cross-motions for summary judgment:

> Similarly, Plaintiffs filed an errata sheet correcting some erroneous citations in Plaintiffs' opening summary judgment brief after Defendants highlighted them. Doc. 584. Defendants move to strike the errata sheet. Doc. 621, amended by Doc. 622. The Court denies Defendants' motions to strike the errata sheet but considers Defendants' proffered response, filed as Doc. 622-1.

*No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-CV-02681-HLT, 2023 WL 12004664, at *n.3 (D. Kan. Feb. 2, 2023).

The Court finds the reasoning in *Moeller* persuasive and applicable here. Plaintiff's Notice of Errata corrects inadvertent formatting deficiencies in its previously filed summary judgment pleadings. The corrections do not alter the substance of Plaintiff's arguments nor otherwise change the issues presented for resolution. The Court therefore finds that Plaintiff has demonstrated excusable neglect and that allowing the corrected documents to replace the original filings will not prejudice Defendant.

Accordingly, the Court declines to strike Plaintiff's Notice of Errata. To eliminate any uncertainty concerning the operative pleadings, the Court expressly clarifies that the corrected documents attached to the Notice of Errata, Docs. 40-1 and 40-2, replace Plaintiff's original Cross-Motion for Summary Judgment [Doc. 37] and Response to Defendant's Motion for Summary Judgment [Doc. 39], respectively. The corrected documents shall constitute the operative filings for purposes of the pending summary judgment motions. To the extent Defendant is concerned that the corrected pagination may cause confusion when referencing the record, the Court is capable of addressing discrepancies in resolving the pending motions.

Finally, although the Court finds many of Plaintiff's arguments persuasive, it also recognizes Defendant's legitimate interest in having an opportunity to prepare its reply with reference to the operative documents. Accordingly, the Court will permit Defendant fourteen (14) days from entry of this Order to file its reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, using Doc. 40-2 as the operative response.

## III. Conclusion

For the foregoing reasons, Defendant's Opposed Motion to Strike Plaintiff's Notice of Errata and for Extension of Reply Deadline [Doc. 41] is **DENIED IN PART**.

Defendant's request to strike Plaintiff's Notice of Errata is **DENIED**. Plaintiff's Notice of Errata [Doc. 40] is accepted, and the corrected documents attached thereto, Docs. 40-1 and 40-2, shall replace Plaintiff's original filings at Docs. 37 and 39, respectively, and constitute the operative pleadings for purposes of the pending summary judgment motions.

Defendant's request for an extension of its reply deadline is **GRANTED**. Defendant shall have fourteen (14) days from entry of this Order to file its reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 40-2].

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE